UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00539-SVW-DMK | Date | April 27, 2026 |
|---|---|---|---|
| Title | Chanpreet Singh v. Ernesto Santacruz Jr et al | | |

| Present: The Honorable | Diana M. Kwok, United States Magistrate Judge | |
|---|---|---|
| Valerie Velasco | | n/a |
| Deputy Clerk | | Court Smart / Recorder |
| Attorney(s) Present for Petitioner(s): | | Attorney(s) Present for Respondent(s): |
| None present | | None present |

**Proceedings:**      **(IN CHAMBERS) ORDER TO SHOW CAUSE**

On February 6, 2026, Petitioner Chanpreet Singh, an immigration detainee proceeding through counsel, filed a Petition for Writ of Habeas Corpus and an Ex Parte Application for Temporary Restraining Order. ECF 1-2. The Petition and Ex Parte Application primarily seek an order requiring Petitioner's immediate release under the same terms of his original detention. *Id.* On March 2, 2026, the Court granted the Ex Parte Application and ordered Respondents to provide Petitioner an individualized bond redetermination hearing before an immigration judge within 7 days or otherwise release Petitioner from custody. ECF 11.

On March 18, 2026, Petitioner's bond hearing under 8 U.S.C. § 1226(a) took place. ECF 17. The immigration judge (IJ) denied bond on the basis that Petitioner was a flight risk. *Id.* On April 6, 2026, Petitioner filed a Motion for Judgment as a Matter of Law ("Motion"), primarily attacking the sufficiency and determination of the bond hearing. ECF 18.

Based on what is before the Court, however, it appears that Petitioner has not appealed his bond determination to the Board of Immigration Appeals ("BIA"). A detainee can appeal an immigration judge's bond hearing determination to the BIA if they are not satisfied with the outcome. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Then, if the detainee disagrees with the BIA's decision, he or she may challenge the continued detention by filing a habeas petition. *Id.* "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id.*

Accordingly, the Petitioner is **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice on account of Petitioner's failure to exhaust his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00539-SVW-DMK | Date | April 27, 2026 |
|---|---|---|---|
| Title | Chanpreet Singh v. Ernesto Santacruz Jr et al | | |

administrative remedies prior to the filing of the Motion by no later than May 4, 2026. Respondents must substantively respond no later than May 11, 2026. Petitioner may file a reply no later than May 18, 2026.

Separately, in the event that Petitioner is released from custody during the pendency of this Petition, the parties shall notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

**IT IS SO ORDERED.**